**In re Gregory IVORY, Debtor.**

**Bankruptcy No. 391–32714–H13.**

United States Bankruptcy Court,
D. Oregon.

Oct. 8, 1992.

## SUPPLEMENTAL OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon the debtor's motion to compel Multnomah County to accept payments under the debtor's confirmed plan. The County is represented by Sandra Duffy and the debtor by Willis Anderson, both of Portland, Oregon.

In this case, the debtor's schedules show that he owed the County $2,070 in past due real property taxes at the time he filed his petition in bankruptcy and that the property was worth $18,000. The County foreclosed on the debtor's property before the petition was filed but the petition was filed before the redemption period expired. The debtors' redemption period expired on May 15, 1991. See O.R.S. 312.120(2). The petition in bankruptcy was filed on April 23, 1991.

The debtors' first plan dated April 22, 1991 proposed to pay the County $73 monthly plus interest at 16%. At this rate, the past due taxes will be paid in full in about 3 years. The County did not object to the plan and did not appear at the confirmation hearing. The plan was confirmed on September 11, 1991.

The debtor filed a modified plan dated October 14, 1991 that did not change the treatment provided for the County. The County did not object to the modified plan and it was approved.

The County resists the debtor's motion to compel it to accept payments on the ground it is not a creditor of the estate and that both plans failed to provide for payment in full of the amount due within the two year redemption period provided by state law.

The facts in this case are nearly identical to those that resulted in this court's published opinion *In re O'Neal,* 142 B.R. 411

(Bankr.Or.1992). In *O'Neal*, the County failed to object to confirmation and the court held that this failure was fatal to the County's case.

The court went on to write, however, that even if the County had objected on the basis presently asserted by it, the objection would have been overruled.

■ The basic flaw in the County's position is that it fails to recognize that federal law controls this issue pursuant to the Supremacy Clause of the U.S. Constitution. It is axiomatic that when the Constitution grants the federal government the power to enact legislation and Congress does, in fact do so, such legislation controls over any state law to the contrary. To request a federal court to ignore this principle and, under the rhetoric of "comity" enforce state law which is contrary to statutes constitutionally enacted by Congress, is to ask that court to engage in judicial legislation by overruling the federal statute. This, the court cannot do.

The term "comity" is defined as:

Courtesy; complaisance; respect; a willingness to grant a privilege, not as a matter of right, but out of deference and good will. Black's Law Dictionary, Revised Fourth Edition.

It has also been said that:

"The term 'comity' * * * is open to the charge of implying that the judge, when he applies foreign law to a particular case, does so as a matter of caprice or favor." Black's Law Dictionary, Third Edition.

A litigant who should prevail under a federal statute which constitutionally preempts a contrary state law, would be justified in criticizing a ruling against him or her simply because the judge or judges of the federal court wished to defer to state law as a matter of good will between the federal and state systems.

■ In this case, for example, if "comity" were applied to overrule federal bankruptcy law, the debtor would lose property worth $18,000 because he owes taxes of $2,070. The County would receive a $16,000 windfall at the debtor's expense even though the debtor proposes to pay the taxes in full with interest at 16% per annum.

While the debtor's property rights in this context are determined by state law, once the bankruptcy petition was filed, the manipulation of those rights is governed by federal bankruptcy law.

■ As discussed at length in *O'Neal*, and conceded by the County, the debtor had an interest in the property at the time the petition in bankruptcy was filed by virtue of his statutory right of redemption. The debtor's property interest became property of the bankruptcy estate pursuant to 11 U.S.C. § 541. Federal bankruptcy law grants a chapter 13 debtor an opportunity to cure *any* default. 11 U.S.C. § 1322(b)(3). Thus, the debtor is entitled to cure the delinquency in the tax debt by paying them over a period of time permitted by the Bankruptcy Code even though this time exceeds that allowed by state law. For these reasons and all the reasons stated in *O'Neal*, which reasons are incorporated herein by reference, this court granted the debtor's motion.