**In re Eileen Leona HOLLINS, Debtor.**

**Bankruptcy No. 392–37351–H13.**

United States Bankruptcy Court,
D. Oregon.

Jan. 25, 1993.

Sandra Duffy, Portland, for the county.
Kent V. Snyder, Portland, for debtor.
Robert W. Myers, Trustee.

## OPINION

### HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon an objection to confirmation of the chapter 13 debtor's proposed plan. The objection was filed on behalf of Multnomah County. The County is represented by Sandra Duffy and the debtor by Kent V. Snyder, both of Portland, Oregon.

The debtor was the owner of certain real property located in Multnomah County. The debtor contends the property is worth $55,000. This contention has not been disputed. The debtor failed to pay property taxes totaling $4,180.50 on the property and the County foreclosed on the property before this case was filed. The debtor's state law redemption period expires on September 26, 1994. See ORS 312.120(2).

■ The debtor's plan proposes to pay the County $210 monthly (after administrative expenses are paid) including interest at 16%. The County objects to confirmation on the ground it is not a creditor and that the plan fails to provide for payment in full of the amount due within the two year redemption period provided under state law.

The facts in this case are nearly identical to those that resulted in this court's opinions in *In Re Desrosiers*, 145 B.R. 671 (Bankr.Or.1992); *In re O'Neal*, 142 B.R. 411 (Bankr.Or.1992); *In re Coultas*, Case No. 392–34206–H13, slip op. dated October 13, 1992, and the supplemental opinion in *In Re Ivory*, 146 B.R. 27 (Bankr.Or.1992).

The County seems to proceed from the assumption that the debtor's only option is to redeem the property from the foreclosure sale in accordance with applicable state law. While this may be the debtor's only option under state law, the debtor is also entitled to exercise her rights under federal bankruptcy law. One of those rights is the right to "cure" the default under 11 U.S.C. § 1322(b)(3).

As discussed at length in the opinions cited above, such a cure will result in the debtor regaining her pre-default interest in the property. Thus, a cure of the pre-petition default through a chapter 13 plan is not the same as a redemption from the sale under state law. Therefore, the federal bankruptcy law does not change the time for redemption, as the County seems to argue. Rather, federal bankruptcy law offers the debtor a different mechanism to recover her interest in the property.

■ To the extent the federal law changes the result that would obtain under state law, state law must yield. This conclusion is mandated by the United States Constitution which provides that federal law is the supreme law of the land. This concept is referred to as preemption.

It is not necessary that Congress explicitly state in each (or any) section of the Bankruptcy Code that "this section is intended to change the result that would obtain under the laws of the states of...." The U.S. Constitution itself specifies that Congress may enact "uniform" laws of bankruptcy. If the Bankruptcy Code did not preempt contrary state law, uniformity would be impossible.

■ In fact, one of the primary components from which the foundation of the Bankruptcy Code is built is that once a petition in bankruptcy is filed, the debtor and all his creditors are governed by federal bankruptcy law regardless of contrary state law. Nowhere is this more evident than in the provisions of 11 U.S.C. § 362, the automatic stay, which prevents creditors from exercising their otherwise valid state law rights to collect a valid debt. There are many such examples in the Bankruptcy Code.

Thus, although neither 11 U.S.C. § 1322(b)(3) nor any other code section ex-

pressly states that it preempts contrary state law, such is the case.

For these reasons and all the reasons stated in *Desrosiers, Coultas, O'Neal* and *Ivory,* which reasons are incorporated herein by reference, this court overrules the County's objections and will enter an order confirming the debtors' plan.