In re David D. RUDOLPH, Debtor.

MULTNOMAH COUNTY, Appellant,

v.

David D. RUDOLPH, Appellee.

Civil No. 93–594–BE.
Bankruptcy No. 392–36256–H13.

United States District Court,
D. Oregon.

Feb. 7, 1994.

Laurence Kressel, County Counsel for Multnomah County, Or., Sandra N. Duffy, Asst. County Counsel, Portland, OR, for appellant.

Willis D. Anderson, Portland, OR, for debtor/appellee.

## OPINION

BELLONI, District Judge.

Appellant, Multnomah County, appeals from an order of the United States Bankruptcy Court for the District of Oregon filed on January 25, 1993, rejecting appellant's challenge to the Chapter 13 plan of the debtor, appellee David D. Rudolph.

The order of the bankruptcy court is reversed.

## BACKGROUND

Appellee was the owner of a parcel of real property located at 3004 SE 8th Avenue in Multnomah County. He was delinquent in the payment of property taxes. Consequently, appellant filed a foreclosure action and, on September 30, 1991, took judgment by a decree of foreclosure.

On September 18, 1992, appellee filed a Chapter 13 bankruptcy petition. Appellant was listed as a creditor in the debtor's schedules and received notice concerning the pendency of the case, the proposed Chapter 13 plan, and the date of the confirmation hearing. Appellant objected to the confirmation of the plan on the ground that it was not a creditor of the bankruptcy estate. Appellant also contended that the plan was flawed because it did not provide for payment of the delinquent property taxes, interest, and related fees within the two-year redemption period established by ORS 312.120.

On January 15, 1993, the bankruptcy court entered an order confirming the proposed Chapter 13 plan. The plan, which will remain in effect after the two-year statutory redemption period has expired, provides for the payment of delinquent taxes to appellant at an interest rate of 16%. In an opinion filed on January 25, 1993, the bankruptcy court rejected appellant's challenge to the plan. The opinion incorporates by reference the bankruptcy court's opinion in an analogous case, *In re Hollins,* 150 B.R. 53 (Bankr. D.Or.1993).

## STANDARDS

The district court acts as an appellate court when it reviews a bankruptcy court judgment. *Daniels–Head & Assoc. v. William M. Mercer, Inc. (In re Daniels–Head & Assoc.),* 819 F.2d 914, 918 (9th Cir.1987). The district court reviews questions of law *de novo. Id.* Mixed questions of law and fact are also reviewed *de novo. In re Woodson Co.,* 813 F.2d 266, 270 (9th Cir.1987). The court may not set aside findings of fact unless they are clearly erroneous. Fed. R.Civ.P. 52(a); Bankr.R. 8013.

## DISCUSSION

Appellant raises the following assignments of error:

(1) Whether the bankruptcy court erred in finding that appellant was a creditor of the bankruptcy estate;

(2) Whether the bankruptcy court erred in finding that the filing of the bankruptcy petition tolled the running of the two-year redemption period;

(3) Whether the bankruptcy court erred in finding that appellee had a right to cure his default under 11 U.S.C. § 1322(b); and

(4) Whether the bankruptcy court erred in finding that, by virtue of the Supremacy Clause of the United States Constitution, the provisions of the bankruptcy code su-

persede state law requirements for the redemption of tax foreclosed property.

My analysis of these issues is set forth below.

I. *The bankruptcy court correctly concluded that appellant is a creditor of the bankruptcy estate.*

■ Under 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor...." Appellant maintains that the judgment of foreclosure extinguished appellee's tax liability on the property and, for this reason, it can no longer be considered a creditor of the bankruptcy estate. I reject so narrow a reading of the code.

A "claim" for purposes of the code includes a "right to payment, whether or not such right is ... contingent...." 11 U.S.C. § 101(5)(A). *See also, Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). In this case, the right to redeem the property passed from the debtor to the bankruptcy estate under 11 U.S.C. § 541. If the estate redeems the property in the manner prescribed by Oregon law, appellant would be entitled to collect taxes assessed against the property during the redemption period. Appellant's right to such a payment, although contingent on the redemption of the property, must nevertheless be considered a claim within the meaning of the code. Accordingly, appellant is subject to the plan under 11 U.S.C. § 1327(a).

II. *The bankruptcy court did not invoke the automatic stay provisions of the code.*

Appellant argues that, "[w]hile the ... Bankruptcy Judge failed to address the import of the expiration of the redemption period, by implication the Court found that the automatic stay provisions of 11 U.S.C. § 362 tolled the running of the redemption period." (Appellant's Brief, p. 6.) Although appellant correctly observes that a majority of the courts addressing the issue have found that § 362 does not toll the statutory redemption period established by state law, *see, e.g., Matter of Roach,* 824 F.2d 1370, 1372 n. 1 (3rd Cir.1987); *In re Glenn,* 760 F.2d 1428, 1440 (6th Cir.), *cert. denied, Miller v. First*

*Federal of Michigan,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), I disagree with appellant's characterization of the bankruptcy court's ruling. The court did not invoke § 362, but instead relied on the powers of the bankruptcy court under the Supremacy Clause in confirming the Chapter 13 plan. Accordingly, I reject appellant's assignment of error.

III. *The bankruptcy court correctly held that appellee's failure to pay property taxes was a default susceptible of a cure under the code.*

■ Pursuant to 11 U.S.C. § 1322(b), the contents of a Chapter 13 plan may:

(3) provide for the curing or waiving of any default;

\*   \*   \*   \*   \*   \*

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The bankruptcy court held that the protection available to debtors under Chapter 13 includes the right to cure a property tax default under § 1322(b). That holding was not improper.

Appellant argues that a "default" can occur only where a contractual relationship exists between the parties. Observing that the obligation to pay property tax does not arise from a contractual relationship, it maintains that the failure to pay tax cannot be regarded as a default, nor is it susceptible of a cure. In support, appellant relies on *In re Braker,* 125 B.R. 798 (9th Cir.1991). I disagree with appellant's reasoning.

First, the *Braker* court did not rule that a contractual relationship is an essential prerequisite to a default and cure under the bankruptcy code. Instead, it ruled only on one specific issue; namely, "whether a Chapter 13 plan may cure and reinstate a mortgage subsequent to a pre-petition foreclosure sale, but prior to the expiration of a statutory right of redemption." *Id.* at 799. The bankruptcy court had confirmed a Chapter 13

plan that allowed for the cure of a foreclosed mortgage. In its opinion reversing the bankruptcy court, the Ninth Circuit held that such a "cure" was improper because "[a] prepetition foreclosure sale prevents the application of section 1322(b)(5) to cure the antecedent default." *Id.* at 801. Although the *Braker* court presumably had an opportunity to define the term "cure" more narrowly (e.g., as an act restricted exclusively to contract situations), it did not do so. In any event, the present case does not involve a mortgage, nor has a foreclosure sale taken place. *Braker* is therefore inapposite.

■ Secondly, appellant undercuts its own argument. In connection with its second assignment of error, appellant correctly observes that 11 U.S.C. § 108(b), which places time limits on the trustee's ability to "cure a default, or perform any other similar act ...," can extend Oregon's two-year redemption period by up to 60 days under appropriate circumstances; however, no further extension of the redemption period is permissible under the code. Yet § 1322(b), which appellant contends does not apply in this case, also speaks to "curing ... any default." The code contains no indication that the meaning of the terms "cure" and "default" are to be defined differently in § 108(b) and § 1322(b). Further, under accepted rules of statutory construction, the definition of a term that appears in different parts of the same statutory scheme does not vary. *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 860, 106 S.Ct. 1600, 1606–07, 89 L.Ed.2d 855 (1986) (citations omitted). Therefore, if redemption under ORS 312.120 is a cure for purposes of § 108(b), as appellant urges, it must also be a cure within the meaning of § 1322(b).

For the foregoing reasons, the bankruptcy court properly ruled that redemption of the property qualifies as a cure under § 1322(b).

IV. *The bankruptcy court erred in holding that the provisions of the bankruptcy code supersede ORS 312.120.*

■ The parties agree the bankruptcy estate has the right to redeem the property under Oregon law. The main question to be decided on appeal is when that right termi-nates. Appellant contends that Oregon law is controlling. Appellee urges me to accept the reasoning of the bankruptcy court.

The bankruptcy court's opinion in this case incorporates by reference its decision in *In re Hollins*. In *Hollins*, the court stated:

... Thus, a cure of the pre-petition default through a chapter 13 plan is not the same as a redemption from the sale under state law. Therefore, the federal bankruptcy law does not change the time for redemption, as the County seems to argue. Rather, federal bankruptcy law offers the debtor a different mechanism to recover her interest in the property.

To the extent the federal law changes the result that would obtain under state law, state law must yield. This conclusion is mandated by the United States Constitution which provides that federal law is the supreme law of the land. This concept is referred to as preemption.

*Hollins*, 150 B.R. at 54. Based on this reasoning, the *Hollins* court permitted the debtor to redeem her tax-foreclosed property under a plan that extended beyond the expiration of the two-year redemption period.

■ I disagree with the bankruptcy court's analysis. It is not disputed that state laws are subject to preemption when Congress intends a federal statute to be controlling. "[S]tate legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause." *Perez v. Campbell*, 402 U.S. 637, 652, 91 S.Ct. 1704, 1712, 29 L.Ed.2d 233 (1971). Nevertheless, preemption is not automatic. Instead, "state laws are ... suspended only to the extent of actual conflict with the system provided by the Bankruptcy Act...." *Butner v. United States*, 440 U.S. 48, 54–55 n. 9, 99 S.Ct. 914, 918 n. 9, 59 L.Ed.2d 136 (1979). In this case, no such conflict exists.

■ Regulation of property interests is the province of the states. *Butner*, 440 U.S. at 55, 99 S.Ct. at 918. In *Braker*, the Ninth Circuit recognized that the bankruptcy code "neither creates nor enhances the rights a debtor brings into the bankruptcy estate." *Braker*, 125 B.R. at 801 (citing 11 U.S.C. § 541(a)(1); *In re Kaplan*, 97 B.R. 572, 576

(9th Cir.BAP 1989); *In re Gull Air, Inc.,* 890 F.2d 1255, 1261 (1st Cir.1989)). It follows that the code does not empower the bankruptcy court to alter or expand property rights created under state law. Accordingly, "[t]he cure contemplated by section 1322(b)(5) is a cure that provides both debtor and creditor with the equivalent of their state law rights." *Braker,* 125 B.R. at 801 (citing *Butner,* 440 U.S. at 54–55, 99 S.Ct. at 917–18).

 In this case, the Chapter 13 plan confirmed by the bankruptcy court is flawed because it fails to respect Oregon law pertaining to the redemption of tax foreclosed property. The right of redemption is an asset of the bankruptcy estate, but the scope of that right is determined by ORS 312.120. Any expansion of that right, e.g., as by an extension of the two-year redemption period, diminishes appellant's ownership interest in the property, a result not intended by the code. Therefore, it was error for the bankruptcy court to confirm a plan that extended the redemption period beyond the two years authorized by Oregon law.

In addition, I conclude that the plan as confirmed fails to take into account § 108(b) of the code. That provision places a definite time limit on the trustee's ability to cure a default or perform similar acts, such as the redemption of tax foreclosed property. Section 108(b) is the only extension of time available to debtors. *See, e.g., Matter of Tynan,* 773 F.2d 177, 179–80 (7th Cir.1985); *Johnson v. First Nat. Bank of Montevideo, Minn.,* 719 F.2d 270, 278 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). If the bankruptcy court were permitted to set its own timeline for redemption of the property under § 1322(b), then § 108(b) would be rendered a nullity. I cannot interpret the bankruptcy code in a manner that ignores one of its provisions. *Beisler v. C.I.R.,* 814 F.2d 1304, 1307 (9th Cir.1987). I note that other courts confronting the issue have reached a similar conclusion. *See, e.g., In re Farmer,* 81 B.R. 857, 861 (Bankr.E.D.Pa.1988); *In Tabor Enterprises v. Illinois,* 65 B.R. 42, 46 (N.D.Ohio 1986); *Bank of Commonwealth v. Bevan,* 13 B.R. 989, 994 (E.D.Mich.1981). Based on the reasoning of those cases, I conclude that the bankruptcy court exceeded its authority under the code by granting the bankruptcy estate an extension of the redemption period in excess of that authorized under § 108(b).

### CONCLUSION

The order of the bankruptcy court is reversed. The case is remanded to the bankruptcy court for modification of the Chapter 13 plan in accordance with this opinion.

IT IS SO ORDERED.