**In re Gregory IVORY, Debtor.**

**MULTNOMAH COUNTY,**
**Plaintiff-Appellant,**

v.

**Gregory IVORY, Defendant–Appellee.**

**No. 94–35511.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 1995 *.

Decided Oct. 30, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34–4.

Sandra N. Duffy, Assistant County Counsel, Portland, Oregon, for plaintiff-appellant.

Willis D. Anderson, Portland, Oregon, for defendant-appellee.

Before WALLACE, D.W. NELSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Gregory Ivory ("Debtor") became delinquent in the payment of property taxes on real property located in Multnomah County, Oregon. In response, the County filed a foreclosure action, obtaining judgment on September 20, 1988. Under Oregon law, Debtor then had a two year period in which to pay his taxes and redeem his property. ORS § 312.120. While this redemption period would have normally expired on September 20, 1990, Oregon law also requires that notice of the foreclosure be sent one year prior to the expiration of the redemption period. ORS § 312.125. This notice was not sent until April 30, 1990, indicating an expiration date of May 15, 1991.

On April 23, 1991, shortly before his redemption period would have expired, Debtor filed a Chapter 13 bankruptcy petition. Debtor, through his attorney, filed a proof of claim on behalf of the County listing a debt of $2,070 in past-due real property taxes. Pursuant to 11 U.S.C. § 1321, Debtor submitted a reorganization plan proposing payments of $73 per month on the tax debt including interest at 16% to cure the property tax default and redeem the real property.

On September 13, 1991, the plan proposed by Debtor was confirmed. The County did not object to or appeal from the order confirming the plan. However, when the Chapter 13 trustee began sending payments to the County pursuant to the confirmed plan, the County rejected the payments. According to the County, it rejected the payments because the redemption period for the property had expired and the conveyance of the property by deed to the County had been recorded prior to the date of confirmation. Thus, according to the County, Debtor had no interest in the real property on the date of confirmation, and the order of the bankruptcy court confirming the plan was issued without jurisdiction over the County.

Upon the County's refusal to accept payments, Debtor filed a motion to compel the

County to accept the payments as provided in the plan. The bankruptcy court granted the motion, the district court affirmed, and the County appeals. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and now affirm.

"Because we are in as good a position as the district court to review the findings of the bankruptcy judge, we review the district court's decision *de novo.* Accordingly, we apply the clearly erroneous standard to the bankruptcy court's findings of fact. Conclusions of law are subject to *de novo* review." *In re Jee,* 799 F.2d 532, 534 (9th Cir.1986), *cert. denied sub. nom.,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987) (citations and internal quotations omitted); *see also In re Camino Real Landscape Maintenance Contractors,* 818 F.2d 1503, 1505 (9th Cir.1987).

The County argues that because it was no longer a creditor of the bankrupt at the time the plan was confirmed, the bankruptcy court was without jurisdiction to include the County in the plan. Even assuming that the order confirming the plan was in error to the extent it enabled the debtor to redeem the property subsequent to both the expiration of the redemption right provided by state law and the sixty day window created by 11 U.S.C. § 108(b), *see Multnomah County v. Rudolph,* 166 B.R. 440, 443–444 (D.Or.1994), res judicata precludes the County from bringing what amounts to a collateral challenge to that order. *See Lomas Mortgage USA v. Wiese,* 980 F.2d 1279, 1284 (9th Cir.1992), *vacated on other grounds,* — U.S. ——, 113 S.Ct. 2925, 124 L.Ed.2d 676 (1993) ("An order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing.") (quoting *Anaheim Savings & Loan Association v. Evans (In re Evans),* 30 B.R. 530, 531 (9th Cir.1983)); *see also Fietz v. Great Western Savings (In re Fietz),* 852 F.2d 455, 458 (9th Cir.1988) ("Once a Chapter 13 plan is confirmed, all of the property of the estate vests in the debtor and creditors are precluded from asserting any other interest than that provided for them in the confirmed plan."). This is so even if the bankruptcy court's error was

jurisdictional. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.") (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940)); *see generally Lester Mobile Home Sales, Inc. v. Woods (In re Woods),* 130 B.R. 204 (W.D.Va.1990) (holding that Chapter 13 confirmation order was res judicata even as to jurisdictional issues).

AFFIRMED.