**In re Alfred JONES, Debtor.**

**Bankruptcy No. 98–54952.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 6, 1999.

---

Kenneth Passage, Troy, Michigan, for debtor.

Marcy Ford, Bingham Farms, Michigan, for creditor.

David Wm. Ruskin, Southfield, Michigan, trustee.

## OPINION

STEVEN W. RHODES, Chief Judge.

A creditor seeks relief from the stay to initiate eviction proceedings against a debtor in a chapter 13 bankruptcy case relating to a residence which was sold through a sheriff's foreclosure sale before the debtor filed the bankruptcy petition. The confirmed plan attempted to cure the default, but the plan did not toll, extend, or modify the statutory right of redemption. The debtor's statutory right of redemption expired on March 4, 1999. Accordingly, the motion for relief from the automatic stay is GRANTED.

## I. Background

Alfred Jones, the debtor, with others, obtained a mortgage on the real property located in Detroit, Michigan. The mortgage was eventually assigned to Fleet Mortgage.

On September 2, 1997, Fleet referred Jones' delinquent mortgage to Trott & Trott, P.C., for foreclosure proceedings. The foreclosure sale was scheduled for October 15, 1997. However, on that date, Trott & Trott was informed that Jones had filed a bankruptcy petition under chapter 13 (Case No. 97–57363). Accordingly, the foreclosure sale was adjourned. At the confirmation hearing on February 6, 1998, Jones' case was dismissed for failure to make plan payments.

Following the dismissal of Jones' first bankruptcy case, Fleet proceeded with the foreclosure sale on March 4, 1998. Under Michigan law, Jones was allowed one year to redeem the property by paying the amount due and costs in full.

On August 25, 1998, Jones filed a second chapter 13 case. On September 10, 1998, Jones filed a chapter 13 plan which proposed to pay Fleet $485 per month as an on-going mortgage payment pursuant to 11 U.S.C. § 1322(b)(5) and to pay the arrearage of $7,500, with 10% interest, over 36 months. The plan did not propose to redeem the property or even state that the property had been sold at a foreclosure sale. Fleet did not object to the plan and the plan was confirmed on November 17, 1998. In accordance with the plan, the Trustee disbursed payments to Fleet on January 7, 1999 and February 6, 1999.

On January 21, 1999, Fleet filed a motion for relief from the automatic stay so that it could institute eviction proceedings

when the statutory right of redemption expired on March 4, 1999.

## II. Only the statutory right of redemption became property of the estate.

Jones asserts that his residence became property of the bankruptcy estate because he maintained some interest in it—specifically, the statutory right of redemption. Fleet argues that only the statutory right of redemption became property of the estate, not the real property itself.

██ The property rights of a debtor in a bankruptcy estate are defined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). When Jones filed the present case, the real property had already been sold at a foreclosure sale. Under Michigan law, following foreclosure, a mortgagor holds an interest in real property known as an equity of redemption. In this circumstance, the mortgagor has only a personal privilege given by statute known as the right of redemption. *Young v. United States,* 48 B.R. 678, 680 (Bankr.E.D.Mich. 1985) (citing *Gerasimos v. Continental Bank,* 237 Mich. 513, 518–19, 212 N.W. 71 (1927); 2 Jones on Mortgages (7th Ed.), § 1038(a)). The purchaser at foreclosure is the owner of an equitable interest in the property, which ripens into full legal title if not defeated by redemption as provided for in the statute. *Id.* (citing *Dunitz v. Woodford Apartments Co.,* 236 Mich. 45, 49, 209 N.W. 809 (1926)).

██ Under M.C.L.A. § 600.3240, Jones had a one year statutory right of redemption. The only way to exercise the statutory right of redemption under Michigan law is for the mortgagor to pay the debt in full plus all costs. M.C.L.A. § 600.3240. Only the statutory right of redemption became property of this estate. *See McCarn v. WyHy Federal Credit Union (In re McCarn),* 218 B.R. 154, 162 (10th Cir. BAP 1998).

Jones did not redeem the real property by paying the full amount plus costs.

Rather, he simply proposed in his chapter 13 plan to cure the arrearage within 36 months. The plan does not state that the full balance due was decelerated or that the property which had been sold at foreclosure would be redeemed.

## III. Because the confirmed plan did not modify or alter the statutory right of redemption, the creditor was entitled to relief from the automatic stay when the right of redemption expired.

Jones argues that Fleet cannot have relief from the automatic stay because Fleet is bound by the confirmed plan, which provides for a cure of the default. While Jones concedes that § 1322(b) does not allow a debtor to cure a default after a foreclosure sale, Jones still argues that Fleet had an obligation to object to confirmation and is bound by the provisions of the plan.

Fleet argues that Jones' attempt to cure the default after the property had been sold at foreclosure was ineffective because the real property was not property of the estate. Further, Fleet asserts that it was not obligated to object to the plan because the only interest that the debtor had was the statutory right of redemption, which was not addressed in the plan.

Jones cites *Multnomah County v. Ivory (In re Ivory),* 70 F.3d 73 (9th Cir.1995), to support his position. In *Ivory,* the county had obtained a foreclosure judgment based upon non-payment of property taxes. The debtor had a two year statutory right of redemption. The confirmed plan provided for redemption by paying monthly installments rather than the lump sum required by the statute. The county did not object to confirmation. The Ninth Circuit Court of Appeals held that even thought the confirmed plan was contrary to the provisions of the bankruptcy code and state law, the creditor was estopped from asserting any other interest than that provided for by the confirmed plan. *Id.* at 74.

*Ivory* is distinguishable from the present case because in *Ivory*, the plan proposed "to cure the property tax default and redeem the real property." *Ivory*, 70 F.3d at 74. In the present case, although the plan proposes to cure the arrearage within a specified time, it does not propose to redeem the property that had been sold in foreclosure.

Certainly creditors are bound by the confirmed plan. 11 U.S.C. § 1327(a). "As a general rule, the failure to raise an 'objection at the confirmation hearing or to appeal from the order of confirmation should preclude ... attack on the plan or any provision therein as illegal in a subsequent proceeding.'" *In re Chappell*, 984 F.2d 775, 782 (7th Cir.1993) (quoting *In re Gregory*, 705 F.2d 1118, 1121 (9th Cir. 1983)). Thus, if the confirmed plan in the present case had included a provision to redeem the property, then *Ivory* suggests that Fleet would have been bound by such a provision, due to its failure to object to or appeal the confirmation of the plan. However, because the confirmed plan does not include any provision to redeem the property, and the statutory right of redemption has expired, full legal title has ripened in the purchaser at the foreclosure sale. Accordingly, Fleet is entitled to relief from the automatic stay so that it may pursue eviction proceedings.

## IV. Conclusion

The debtor's attempt in his plan to cure the default without redeeming the home is not effective to modify the statutory right of redemption. Because the statutory right of redemption has expired, the bankruptcy estate and the debtor no longer have any interest in the real property. Accordingly, the automatic stay is lifted.