**In the Matter of Jeffrey D. WINTER-FELDT, a/k/a Jeffrey Winterfeldt, a/k/a Jeff Winterfeldt, Debtor.**

**Bankruptcy No. 82–02750.**

United States Bankruptcy Court,
E.D. Wisconsin.

March 8, 1983.

Roger A. Glenn, Bayorgeon & Glenn, Appleton, Wis., for debtor.

Allen B. Adams, Neenah, Wis., Chapter 13 Trustee.

John Esler, Esler & Esler, Kaukauna, Wis., for Creditors Dercks Masonry, Inc. and D & E Sons Constr.

Dennis C. Luebke, Habush, Habush & Davis, Appleton, Wis., for Creditors William C. and Geraldine M. Smith.

## OPINION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

This case came on for hearing on February 23, 1983 on the motion of the Chapter 13 trustee, Allen B. Adams, to rescind the order confirming plan dated September 7, 1982 and on the objections to the confirmation of the plan filed by creditors William

1. The objections were all filed after the order confirming plan was entered and were, therefore, untimely pursuant to §§ 1324 and 1327 of the Code. Under these circumstances, unless the Court determines that the motion to rescind the order confirming plan should be granted, these objections are moot.

2. This is the established practice followed in the Eastern District of Wisconsin. If a Chapter

C. Smith and Geraldine M. Smith, his wife, D & E Sons Construction and Dercks Masonry, Inc.[1] The debtor appeared in person and by his attorney, Roger A. Glenn. Allen B. Adams, Chapter 13 trustee, and John Esler, attorney for Dercks Masonry, Inc. and D & E Sons Construction also appeared in person.

A review of the files in this case indicates that the debtor filed for relief under Title 11, U.S.C. Chapter 13 on August 13, 1982. Notice of the filing and of the § 341 hearing was duly mailed to all creditors and other interested persons on September 7, 1982.

Following the § 341(a) hearing held on September 17, 1982, the Chapter 13 trustee submitted to the Court a recommendation that this case be processed for confirmation, and an order confirming plan dated September 17, 1982 was signed by Judge D.E. Ihlenfeldt.[2]

The Court has had an opportunity to fully review the files, records and proceedings, including the recorded tapes of the § 341(a) hearing of the debtor held on September 17, 1982. It has also considered testimony submitted before it on February 23, 1983 as well as the arguments and written memorandum briefs of counsel. The Court is satisfied that the order confirming the plan dated September 17, 1982 should not be rescinded.

Section 1327(a) of the Code states as follows:

"1327. EFFECT OF CONFIRMATION. (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

13 trustee concludes that a plan should not be recommended for confirmation, no recommendation is made to the bankruptcy court; instead, a motion to dismiss or convert is filed by the Chapter 13 trustee. If the Chapter 13 trustee believes a modification is appropriate, the case is adjourned in an attempt to work out a plan which can be recommended for confirmation.

Upon becoming final (after the period of time for appeal has elapsed), the order confirming the Chapter 13 plan represents a binding determination of the rights and lia-·bilities of the parties as ordained by the plan. *Collier on Bankruptcy,* 15th Ed. (§ 1327.01). This Court is satisfied that this is precisely what occurred in this case. Merely because a Chapter 13 trustee may later have "second thoughts" about his recommendation for confirmation is no basis for the Court to later rescind its order. There must be finality to the order so as to enable all parties to rely upon it without concern that such actions which they may thereafter take could be upset because of a revocation of said order.

The only known basis in the Code for the Court to rescind its order appears in § 1330(a) which states:

"§ 1330 REVOCATION OF AN ORDER OF CONFIRMATION.

(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud."

There is nothing in the evidence submitted to this Court to satisfy or even suggest to this Court that the order confirming the plan had been procured by fraud. Based upon the foregoing.

IT IS HEREBY ORDERED that the Chapter 13 trustee's motion to rescind be and the same is hereby denied without costs to any of the parties.[3]

---

**3.** In view of this Court's ruling, the motions by the creditors, William C. Smith and Geraldine M. Smith, his wife, D & E Sons Construction and Dercks Masonry, Inc., having been filed after the order of confirmation, are also dismissed.