In re L.H. & A. REALTY
COMPANY, INC., Debtor.

FIRST NATIONAL BANK OF
VERMONT, Plaintiff,

v.

L.H. & A. REALTY COMPANY,
INC., Defendant.

Bankruptcy No. 85–212.
Adv. No. 85–75.

United States Bankruptcy Court,
D. Vermont.

Jan. 28, 1986.

Edwin W. Free, Barre, Vt., for debtor and defendant.

Raymond J. Obuchowski, Barre, Vt., for trustee.

Edward R. Zuccaro, St. Johnsbury, Vt., for Vermont Nat. Bank (VNB).

FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

These proceedings are before the Court on VNB's motion for relief from automatic stay and its complaint for a declaratory judgment that 11 U.S.C. Section 362 does not operate to toll and suspend the debtor's time to redeem its equity of redemption. Because we find that the debtor failed to offer VNB adequate protection, we grant VNB's motion for relief from stay.

VNB filed a complaint for a declaratory judgment and motion for relief from automatic stay with the Clerk of the Bankruptcy Court on November 27, 1985. The two matters were consolidated for hearing on December 18, 1985. Because the complaint for declaratory judgment essentially duplicated VNB's motion for relief from the automatic stay of 11 U.S.C. Section 362(a), involved only legal issues, and appeared to the Court to be procedurally inappropriate, we reserved decision on whether to hear it.

VNB obtained a judgment and decree of foreclosure (later amended) against L.H. &

A. Realty Company, Inc. and other defendants from the Caledonia Superior Court on May 20, 1985. This is the second decree of foreclosure against this property and this debtor in less than four years. VNB duly filed this judgment and decree of foreclosure on the same day with the Town Clerk of St. Johnsbury, Vermont. All parties stipulated to the admission into evidence of a certified copy of the amended judgment and decree of foreclosure ("the decree").

The amended decree provided that: (1) judgment of foreclosure is entered for VNB against the defendants, including the debtor; (2) the amount owed by debtor to VNB was $372,778.44; (3) the debtor had until November 15, 1985 to redeem the premises by paying to the Clerk of the Caledonia Superior Court the amount owed VNB or the debtor would be forever foreclosed and deprived of all equity of redemption in the premises; and (4) VNB shall be entitled to a writ of possession to the subject property upon the foreclosure of debtor's equity of redemption in the premises.

The Order and decree was amended on November 13, 1985 to allow for the addition of sums owed for insurance premiums incurred by VNB. The amended Order also denied debtor an extension of the time to redeem its equity.

On the day of redemption, November 15, 1985, the debtor filed a voluntary Chapter 7 petition. The property and the foreclosure were disclosed in the petition. This is the debtor's second petition in bankruptcy, the preceding petition having been withdrawn or dismissed before this case was filed. After the hearing on December 18, 1985 debtor filed a motion to have the case converted to one under Chapter 11.

Before the hearing, the trustee, by his attorney, filed a trustee's report of property to abandon for the property at issue here. The ground for the proposed abandonment is the absence of equity in the property for the estate in excess of valid and perfected liens or security interests. The trustee also had no objection to the modification of the stay so that VNB might proceed with its foreclosure. A stipulation to this effect signed by VNB and the trustee was filed with the Court. After the hearing of December 18, 1985 the trustee moved to withdraw his report of property to abandon because he now thought the property might have some equity.

We have before us two issues that have proved fertile ground for numerous decisions by the bankruptcy courts and the appellate courts that review their decisions. The first issue involves the relation of 11 U.S.C. Section 108(b) (the extension of time provisions) and 11 U.S.C. Section 362 (the automatic stay provision). The second involves the relation of 11 U.S.C. Section 362(d) (the relief from stay provisions) and 11 U.S.C. Section 362(g) (the burden of proof provisions governing 11 U.S.C. Section 362(d)).

ISSUE I

The first issue arises in VNB's complaint for a declaratory judgment. VNB asks us to declare that 11 U.S.C. Section 362 does not operate to toll or suspend the running of the period of redemption set forth in the foreclosure decree. The debtor never answered the complaint. At the hearing we reserved decision. We now decide that the issue raised in VNB's complaint for declaratory relief involves a question of law and that an evidentiary hearing is not necessary. Furthermore, because the legal issue raised in the complaint is inextricably involved with VNB's motion for relief from stay, we treat this complaint as part of its motion for relief from stay. F.R.Civ.P. 8(f).

It is a fundamental principle of bankruptcy law that the property rights that form the estate of a bankrupt under 11 U.S.C. Section 541 are defined by state law. *Butner v. United States*, 440 U.S. 48, 98 S.Ct. 914, 59 L.Ed.2d 136 (1979). Therefore, we must look to Vermont law to determine what property rights the estate of the bankrupt possessed when the debtor filed its petition.

In equity, the mortgage is regarded as a security for the debt. Legal title vests in the mortgagee only for the protection of its interest, in order to give it the full benefit of the security, but for no other purpose. *Sowles v. Minot*, 82 Vt. 344, 73 A. 1025 (1909); *Ordway v. Farrow*, 79 Vt. 192, 64 A. 1116 (1906).

■ The State of Vermont follows strict foreclosure law. A final decree in strict foreclosure is generally sufficient to make a complete transfer of title. This common law rule, however, has been modified by the Vermont legislature through several different enactments, not all applicable to the foreclosure at issue here.

Procedurally, if a decree of foreclosure is obtained from a Vermont Superior Court and the equity of redemption is not redeemed, and a Judicial sale has not been ordered, the foreclosing mortgagor must take an additional legal step to ensure that it obtains full legal title. That step is to record a certified copy of the judgment of foreclosure "... in the office where by law a deed of the lands is required to be recorded, within thirty days after the expiration of the time of redemption," 12 V.S.A. Section 4529. VNB asserts in its complaint that title to this property vested in VNB, subject to debtor's right of redemption, when VNB was granted a judgment order and decree of foreclosure. This assertion is incorrect. The passage of full title, both legal and equitable, to the mortgagee, not under a decree of Judicial sale, passes after the recording of the decree in foreclosure in the appropriate city or town clerk's office and the expiration of the redemption date(s) specified in the decree of foreclosure. "It necessarily follows that until the redemption period actually expires the debtor holds a property right." *In re Shea Realty, Inc.*, 21 B.R. 790, 792 (Bkrtcy.D.Vt. 1982). Since the debtor holds a property right under the laws of the State of Vermont, then it must be property of the estate under 11 U.S.C. Section 541(a)(1) subject to the automatic stay. Consequently, VNB's assertion in its motion "that 11 USC Section 362 does not operate to toll and suspend the running of the period of redemption set forth in the decree of foreclosure" is incorrect. 11 U.S.C. Section 362(a) "... operates as a stay ... of—(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 USC Section 362(a)(2). The stay of an act against property continues in effect until the Court grants such relief from stay for cause or, with respect to a stay of an act against estate property, in a Chapter 7 case, the debtor does not have an equity in such property, 11 USC Section 362(d)(1) and (2)(A).

Although neither counsel brought it to our attention, we would be remiss if we did not consider the relationship of 11 U.S.C. Section 108(b) to 11 U.S.C. Section 362(a). 11 U.S.C. Section 108(b) provides:

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title *may* file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of filing of the petition, the trustee *may* only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

In deciding this case we consulted the several decisions interpreting 11 U.S.C. Section 108(b) to override 11 U.S.C. Section 362(a). See *In the matter of Tynan*, 773 F.2d 177, 13 CBC 2d 655 (7th Cir.1985); *In re Glenn, In re Pigloski, In re Miller*, 760 F.2d 1428 (6th Cir.1985); *In re Martinson*, 731 F.2d 543 (8th Cir.1984); *In re Johnson*, 719 F.2d 270 (8th Cir.1983). The issue has not been addressed in this circuit. We respectfully disagree with these decisions

and choose to follow the line of cases that take the position that the automatic stay provisions of 11 U.S.C. Section 362(a) should be liberally construed to suspend the running of a statutory period of redemption. See *In re Jenkins,* 19 B.R. 105 (D.C.D.Colo.1982); *In re Shea Realty, Inc.,* 21 B.R. 790 (Bkrtcy.D.Vt.1983); *In re Johnson,* 8 B.R. 371 (Bkrtcy.D.Minn.1981). Our view of section 362(a) is fully supported by the legislative history of section 362(a), which identifies the major purpose of this provision:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and *all foreclosure actions.* It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay *also provides creditor protection.* Without it, certain creditors would be able to pursue their own remedies against the debtor's property. *Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.* Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that. (emphasis added)

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, at 6296–97.

We believe the two sections are not in conflict. The language of section 108 is precatory, not mandatory like the language of section 362. The legislative history clearly indicates that the automatic stay "stops ... all foreclosure actions." "The purpose of section 108 is to permit the trustee when he steps into the shoes of the debtor an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights." *In re Santa Fe Development, Etc.* 16 B.R. 165 (Bkrtcy.A.P. 9th Cir.1981). The place-

ment of Section 108 within the scheme of Title 11 further suggests that it is an administrative not a substantive provision. It simply says "the trustee *may* only file, cure, or perform, as the case may be ..." It does not require the trustee to do anything. The trustee may choose not to act and thus forego the debtor's option or choice. The foregoing of one option or choice does not mean that everything else which follows that choice is necessarily foregone. If the trustee acts, however, he or she must do so within the time constraints of 11 U.S.C. Section 108(b)(1) or (2), as the case may be.

11 U.S.C. Section 362(a), on the other hand, is mandatory and operates automatically, with limited exceptions, to stay "... [the] continuation ... of a judicial ... action or proceeding against the debtor ...", 11 U.S.C. Section 362(a). If a party in interest decides to ask that the stay be lifted or modified, it must move the Court so to do. Such a motion must be after notice and hearing. The Court may grant relief from the stay under section 362(d), and with the motion the Court has an opportunity to review and weigh the various rights and equities of the parties. Here the Court has the opportunity to fashion a remedy that is fair to debtor and creditor alike. Section 108 provides no such opportunity to the Court, placing the onus on the trustee.

With our holding that section 362(a) tolls the statutory period of redemption we are not enlarging or diminishing property rights created by state law. To hold thus would be unjustified by the language of section 362(a) and unintended by congress. Our holding freezes the equities and rights of the parties and maintains the status quo at the time of the filing of the petition and no more.

## ISSUE II

VNB has an interest to protect here, namely its right to collect on the promissory note and enforce its mortgage. The debtor also has an interest to protect,

namely, its right of redemption. That right was frozen on the day the petition was filed and passed to the estate. To decide otherwise would be to the detriment of the other creditors of the estate, to the benefit of the creditor who was first to the courthouse, and in disregard of the legislative intent. Since it is clear that there are significant interests to protect, we must condition relief to protect those interests within the constraints of Title 11.

VNB has moved for relief from the automatic stay provisions of 11 U.S.C. Section 362(a). At the hearing, the parties stipulated to the following:

(1) The order and decree of foreclosure, as amended;

(2) The mortgage and promissory note;

(3) The amount due VNB is $372,778.44.

VNB's appraiser testified that the fair market value of this property as of August 23, 1985 was $371,800.00. The testimony was based on sales that compared similar commercial buildings of similar use within the same geographical area. Based on the facts stipulated and the evidence presented, VNB made out a prima facie case on the issue of equity in the property. Under 11 U.S.C. Section 362(g)(2) the burden then shifts to the debtor to prove absence of cause, including adequate protection, and to rebut VNB's evidence concerning lack of equity in the property.

Debtor presented evidence through the corporation's president, Louis J. Ferris, and the son of the president, Louis J. Ferris, Jr. The president presented testimony that generally contradicted the appraiser's testimony. He indicated that, except for one tenant, a restaurant, the property had been unoccupied for several years.

Attempting to rebut the appraiser's valuation, the president's son presented evidence as to the value of the property; Like the deus ex machina in an ancient Greek play, he testified that he had been approached recently where he lived in Connecticut by a gentleman who was willing to pay $900,000.00 for the property. The Court is now faced with the altogether common problem of resolving the inevitable production by one party of a low valuation and of a high valuation by the resisting party.

■ The appraisal of property always raises difficult questions because one is not dealing with scientific certainties. We can find fault with both valuations. VNB's appraiser used some incomprehensible or at best questionable calculations to convert the real estate comparables to market value. The debtor on the other hand produced an acquaintance who was willing to pay $900,000.00 for the building subject to assuming all three mortgages on the property and providing a minimum of cash equity. Nothing was said about the identity of this offeror other than his name. We know nothing of his ability to fulfill the economic enterprise he is willing to embark on, nor how he would pay for or finance the numerous improvements necessary to render the building habitable. No offer was made by the debtor to place the contract for sale into evidence. A check was allegedly received as a down payment, but it was never tendered to the trustee by the debtor. Mercifully, it is not necessary to decide which value is the correct or more nearly correct value of the property because, after producing the rebuttal testimony concerning value and its equity in the property, the debtor rested without presenting any testimony on adequate protection. It is well established in Bankruptcy law that where a debtor rests without presenting any evidence as to cause, for granting or denying relief from the automatic stay, the debtor has failed to sustain its burden of proof. 11 U.S.C. Section 362(d)(1) and (g)(2). See *In re Highcrest Management Company, Inc.*, 30 B.R. 776 (Bkrtcy.S.D.N.Y.1983). Accordingly, VNB is entitled to relief under 11 U.S.C. Section 362(d).

■ We may grant relief in the form of termination, annulment, modification, or conditioning of the stay. 11 U.S.C. Section 362(d). Based on the facts of this case, VNB by its own witness has indicated that

it faces a loss of the benefit of its bargain, albeit a small loss. This is the second time in less than four years it has allowed itself to be placed in this position. The trustee, who at first intended to abandon the property because he thought it was of no value to the estate, has recently filed a motion to withdraw his notice to abandon. He now seems to believe the property may be worth more than VNB's interest. The trustee, however, has not withdrawn his objection to VNB's motion for relief. The debtor's behavior is also less than consistent. This is its second bankruptcy petition and just recently it filed a motion to convert from Chapter 7 to Chapter 11. Based on the evidence and the actions of all the parties to this proceeding, we are convinced that equity requires that the lifting of the stay be conditioned in order to protect the interests of the unsecured creditors who have yet to organize themselves sufficiently to participate in this case. 11 U.S.C. Section 105(a). Therefore, we grant VNB the right to proceed with its foreclosure and sell the property. VNB must, however, allow the trustee to assist in the sale of the property and must turn over to him any proceeds from the sale of the property that exceed the bank's interest. To the extent the sales price provides a surplus, the bank, for adequate protection, may receive its per diem interest of $104.97 to the date of this Order.

We ORDER that:

(1) Vermont National Bank's motion for relief from stay be GRANTED subject to its turning over to the trustee proceeds that exceed the bank's interest.

(2) To the extent there is a surplus, Vermont National Bank, for adequate protection, is GRANTED per diem interest of $104.97 from the date of redemption until the date of this Order.

(3) Debtor is ordered to turn over the $5,000.00 deposit to the trustee.

(4) The trustee shall file a report of sale of the property within 10 days of the sale.