**MERCHANTS BANK, Appellant,**

v.

**Maxwell FRAZER, Appellee.**

No. 99–CV–326.

United States District Court, D. Vermont.

Aug. 8, 2000.

Norman Charles Williams, Gravel and Shea, Burlington, VT, for Merchants Bank, appellant.

Bernard Merle Lewis, Bethel, VT, for Maxwell Frazer, appellee.

Kevin Jay Purcell, Office of the U.S. Trustee, Albany, NY, trustee.

Jess Thomas Schwidde, Glinka & Schwidde, Rutland, VT, Chapter 7 Trustee, John R. Canney, III, Rutland, VT.

J. Christopher Callahan, Brady & Callahan, P.C., Springfield, VT, movant.

## OPINION AND ORDER

SESSIONS, District Judge.

Merchants Bank appeals from a decision of the United States Bankruptcy Court for the District of Vermont which held that a Debtor's equity of redemption period is tolled by the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a),

rather than simply extended for 60 days by 11 U.S.C. § 108(b). For the reasons that follow, the bankruptcy court's decision is REVERSED.

## I. Factual Background

The facts in this case are undisputed. Between May 1992 and March 1996, Merchants Bank provided several loans to Appellee Maxwell Frazer ("Frazer").[1] The loans were either secured by mortgages on his property, or by assignment and pledge of all stock in Frazer's restaurant. Frazer defaulted on several of these loans, prompting Merchants Bank to seek foreclosure in January 1998. In June of that year, Frazer stipulated to owing Merchants Bank $261,287.95 and consented to judgment. By agreement, the equity of redemption period was determined to expire on September 15, 1998. A consolidated judgment established that Frazer was forever barred from equity redemption unless Merchant's Bank was paid the full amount on or before September 18, 1998.

On September 14, 1998, Frazer filed for bankruptcy under Chapter 13. On December 15, 1998, Frazer's Chapter 13 petition was dismissed for lack of jurisdiction. The next day, Frazer filed a petition for relief under Chapter 11. To date, Frazer has not sought to redeem his equity. Merchants Bank filed Motion for Relief from Automatic Stay on June 23, 1999, which was denied August 31, 1999.

## II. Discussion

### A. Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 158(a)(1), which gives the Federal District Courts jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges entered in "core proceedings" (cases and proceedings involving purely bankruptcy matters). Motions to terminate, annul or modify the automatic

stay are considered core proceedings under 28 U.S.C. § 157(b)(2)(G).

### B. Standard of Appellate Review

■ A bankruptcy judge's findings of fact may not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013. *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990); *In re Cassani*, 214 B.R. 459, 462 (D.Vt.1997). Questions of law are reviewed de novo. *Gravel and Shea v. Vt. National Bank*, 162 B.R. 961, 964 (D.Vt.1993) (citing *In re Manville Forest*, 896 F.2d at 1388).

■ A bankruptcy judge's decision to lift an automatic stay is considered discretionary. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir.1990). "In this context, '[a]n abuse of discretion may take the form of the application of erroneous legal principles or procedures, [or] findings of fact which are clearly erroneous,'" *Contemporary Mortgage Bankers, Inc. v. High Peaks Base Camp, Inc.*, 156 B.R. 890, 893 (N.D.N.Y.1993) (quoting *In re Chateaugay Corp.*, 109 B.R. 613, 619 (S.D.N.Y.1990), appeal dismissed without prejudice and remanded on other grounds, 924 F.2d 480 (2d Cir.1991)).

### C. Whether the indefinite stay of 11 U.S.C. § 362(a) takes precedence over the tolling provisions of 11 U.S.C. § 108(b)

■ Vermont bankruptcy courts have repeatedly held that a debtor's equity of redemption period is tolled for the duration of his or her bankruptcy by the automatic stay provisions of 11 U.S.C. § 362(a), rather than simply extended for 60 days under 11 U.S.C. § 108(b). *In re Shea Realty, Inc.*, 21 B.R. 790 (Bankr.D.Vt. 1982); *In re L.H. & A. Realty Co., Inc.*, 57 B.R. 265 (Bankr.D.Vt.1986). However, the three circuit courts which have addressed this issue have found that the timing provisions of § 108(b) take precedence over

---

1. The first loan was given by First National; the note and mortgage were transferred to Merchants Bank on July 4, 1993.

§ 362(a) tolling. *See Johnson v. First National Bank,* 719 F.2d 270 (8th Cir.1983); *In re Glenn,* 760 F.2d 1428 (6th Cir.1985); *In the Matter of Tynan,* 773 F.2d 177 (7th Cir.1985); *In re Carver,* 828 F.2d 463 (8th Cir.1987). Neither legislative history nor the statutes themselves directly address how § 362(a) and § 108(b) are to relate to one another.

Section 362(a) provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)) operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

Section 108(b) of the Bankruptcy Code reads as follows:

Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

The appellate courts which have addressed the issue of how § 108(b) and § 362(a) interrelate have found that § 108(b) takes precedence over § 362(a). In *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981), the district court found that in reading the two sections together, the automatic stay provisions of § 362(a) do not override the extension of time provision in § 108(b). The Eighth Circuit accepted this reasoning in *Johnson v. First National Bank,* 719 F.2d 270 (8th Cir.1983), and found that "Congress intended § 362(a) to prohibit only certain types of affirmative actions," rejecting the notion that "an automatic transfer of property, following the expiration of a period of redemption, constitutes either an 'act' or 'proceeding,' or 'enforcement' of a right within the meaning of § 362(a)." 719 F.2d at 276. *In re Carver,* 828 F.2d 463 (8th Cir.1987) is a brief opinion in which the Eighth Circuit simply reiterates the holding of *Johnson.* The Seventh Circuit also adopted the *Johnson* holding in another short opinion titled *In the Matter of Tynan,* 773 F.2d 177 (7th Cir.1985).

The Sixth Circuit, however, discusses the matter more thoroughly. In *In re Glenn,* 760 F.2d 1428 (6th Cir.1985), the Court found that since § 362(a) specifically fails to mention the running of time periods whereas § 108(b) explicitly specifies timing issues, § 108(b) trumps § 362 in the realm of timing. The *Glenn* court also relies upon the following reasoning from *Bevan:*

An interpretation of § 362(a) as an indefinite stay of the statutory period of

redemption would render § 108(b) superfluous. If § 362(a) automatically stays the running of the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are completely extraneous as statutory time periods designed to control the trustee's activity. Moreover, if § 362(a) is interpreted to provide for the automatic stay of time periods for an indefinite amount of time, then subsections (a) and (b) of § 108, which define minimum and maximum time periods for the trustee to act, directly conflict with § 362(a).

*Id.* at 1437, citing 13 B.R. at 994. The Sixth Circuit concurred that such interpretation would be erroneous and agreed with *Bevan,* concluding that "where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict." *Id.* This Court agrees that a broad interpretation of § 362(a) would render § 108(b) meaningless. Congress did not intend the timing provisions of § 108(b) to have no import. Thus, assuming that no affirmative act is necessary for transfer of title, the timing provisions of § 108(b) take precedence over the indefinite stay of § 362(a).

The line of Vermont cases which address these issues take a contrary approach to the relationship between the two provisions, relying heavily on the legislative history of § 362(a) in their Vermont specific analysis. These courts relied primarily on the legislative history of § 362 without reference to 12 V.S.A. § 29–30, citing the following:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain cred-

itors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

760 F.2d at 1436, citing H.R.Rep. No. 595, 95th Cong., 1st Session 340, 1978 U.S.Code Cong. & Admin.News at pp. 5787, 5978 (1977).

Despite this interpretation, this Court finds that no element of Vermont law triggers the tolling provisions of 11 U.S.C. § 362(a) in a manner which supercedes the limited 60 day stay of 11 U.S.C. § 108(b). Notwithstanding the bankruptcy courts' analysis of congressional intent in drafting the protective measures of § 362(a), the matter before this Court can be resolved by the procedural requirements of Vermont law.

 It is a "fundamental principle of bankruptcy law that the property rights that form the estate under 11 U.S.C § 541 are defined by state law." *In re Shea Realty,* 21 B.R. 790 (Bankr.D.Vt.1982), citing *In re Jenkins,* 13 B.R. 721 (Bankr. D.Vt.1981). In Vermont, the transfer of title at the end of the redemption period is not always automatic.

> Procedurally, if a decree of foreclosure is obtained from a Vermont Superior Court and the equity of redemption is not redeemed, and a Judicial sale has not been ordered, the foreclosing mortgagor must take an additional legal step to ensure that it obtains full legal title. That step is to record a certified copy of the judgment of foreclosure " . . . in the office where by law a deed of the lands is required to be recorded, within thirty days after the expiration of the time of redemption," 12 V.S.A. Section 4529. [ . . . ] The passage of full title, both legal and equitable, to the mortgagee, not under a decree of Judicial sale, passes after the recording of the decree in foreclosure in the appropriate city or town

clerk's office and the expiration of the redemption date(s) specified in the decree of foreclosure.

57 B.R. at 267. However, this affirmative act is only required on the part of the foreclosing mortgagor prior to obtaining title when there are "subsequent purchasers, mortgagers or attaching creditors." 12 V.S.A. § 4530. "After [the equity of redemption period had closed], Debtors could never again claim an interest in the property, but 'subsequent purchases, mortgagees or attaching creditors' retain the right to redeem 'as though the time for redemption had not expired,' until a certified copy of the judgment for foreclosure is filed in the land records." *In re Driscoll,* 223 B.R. 665 (Bankr.D.Vt.1998).

Section 4529 of Title 12 of the Vermont Statutes Annotated does state that "[i]n the foreclosure of the equity of redemption in lands, where the time of redemption has expired, the party obtaining the foreclosure shall cause to be recorded in the office where by law a deed of the lands is required to be recorded, within thirty days after the expiration of the time of redemption, a certified copy of the judgment." However, there appears to be no penalty for failing to do so, unless there are subsequent purchasers, mortgagees or attaching creditors. 12 V.S.A. § 4530.

■ The Vermont Supreme Court has addressed this issue in *Stowe Center, Inc. v. Burlington Savings Bank,* 141 Vt. 634, 451 A.2d 1114 (1982). "Under Vermont law, if no one redeems foreclosed property within the prescribed period, the foreclosing mortgagee, pursuant to the Vermont strict foreclosure procedure, 12 V.S.A. chapter 163, subchapter 6, obtains full and complete title and has the right to sell the property and retain the surplus, if any." *Id.,* citing *Dieffenbach v. Attorney General of Vermont,* 604 F.2d 187, 192 (2d Cir. 1979); *Aldrich v. Lincoln Land Corp.,* 130 Vt. 372, 376, 294 A.2d 853 (1972). Although the court does not address the statute directly, it is clear from *Stowe Center* that where the debtor has not redeemed within the equity of redemption

period, title transfers without reference to 12 V.S.A. § 4529 unless there are subsequent purchasers, mortgagees or attaching creditors. Thus, no additional act is required in the state of Vermont which would trigger the indefinite stay of § 362(a).

Some courts have argued that § 108(b)'s temporary stay begins at the completion of the stay provided by § 362(a). *See In re H & W Enterprises,* 19 B.R. 582 (Bankr. N.D.Iowa 1982); *In re Johnson,* 8 B.R. 371 (Bankr.D.Minn.1981); *In re Shea Realty,* 21 B.R. 790 (Bankr.D.Vt.1982). The *Shea* court notes the reasoning of *In re H & W Enterprises* which found that § 108(b) "could be construed as coming into play after suspension of the running of a state redemption period by Sec. 362(a), and the 60 day period prescribed by Sec. 108(b) would not begin to run until after the stay was lifted. With such a reading the Court observed there is no conflict between Sec. 108(b) and Sec. 362(a)." While stacking the provisions would not necessarily render either superfluous, neither congressional intent to stack these provisions, nor statutory language that favors stacking exists.

Appellees argue that the plain language of § 108(b)(1) is inclusive of an indefinite stay under § 362(b). This argument must fail. Section 108(b) allows the trustee who has entered into an agreement which fixes a period within which he or she may cure a default to do so no later than either 60 days after the period closes or at the end of such period, including any suspension of such a period. Appellees argue that § 362(a) is such a suspension of the equity of redemption period by the plain language of § 108(b)(1). However a reading of § 108(b)(1) to include § 362(a) would, again, strip it of any import.

While § 362(a) broadly protects debtors in general terms, § 108(b) is narrow in its scope. It applies specifically to those debtors who, prior to filing for bankruptcy, entered into agreements which created a limited time period within which they must make some affirmative act, but filed for

bankruptcy prior to the expiration of that time period. Therefore, while all debtors are generally protected under the indefinite stay of § 362(a), that protection is limited for those who had pre-existing agreements to pay by a particular date under § 108(b).

Appellees further argue that 11 U.S.C. § 544 creates a chain of events which affords Vermont debtors an indefinite stay under § 362(a). Title 11 U.S.C. § 544 grants a trustee the power to avoid a lien as a hypothetical lien holder. Title 12 V.S.A. § 4530 maintains a hypothetical subsequent purchaser's right in the property until a certified copy has been filed in the land records. However, the very act of recording such a copy is prevented by § 362(a) in cases where subsequent lien holder exist.

The court in *Johnson* recognized that in cases where some action is necessary to transfer title upon the expiration of the redemption period, the stay acts to suspend that period. *In re Johnson,* supra at 277. In Vermont, at the expiration of the redemption period, the foreclosing creditor is required to file a copy of the judgment in the land records prior to taking title to the property. 12 V.S.A. § 4530. This action is itself prevented by the stay. The expiration of the redemption period is suspended as to the listed parties until the act required is performed. Junior lienholders fall into the category provided for by Vermont law, and because the stay prevents the filing of the judgment, the redemption period for "subsequent purchasers, mortgagees, [and] attaching creditors" is tolled until the stay is lifted.

*In re Driscoll,* 223 B.R. 665, 667 (Bankr. D.Vt.1998).

Appellees thus argue that the effect of 11 U.S.C. § 544 on Vermont bankruptcy procedure places debtors and subsequent lienholders in the same position for purposes of 12 V.S.A. § 4530. This interpretation undermines the plain language of the statute, which specifically limits the transfer of title to a purchaser, mortgagee or attaching creditor "against subsequent purchasers, mortgagers or attaching creditors" without the filing of a certified copy of the judgment within thirty days of the expiration of the time of redemption. 12 V.S.A. § 4529, 4530. Any indication by the Vermont legislature that it intended to extend that provision to debtors is entirely lacking.

Without contrary direction from either statutory language or legislative history, this Court declines to depart from the direction offered by the Sixth, Seventh, and Eighth Circuits, and holds that the indefinite stay provided for in § 362(a) is superceded by the timing provisions of § 108(b).

*III. Order*

The judgment of the bankruptcy court is hereby REVERSED.