**In re Thomas M. CROWLEY, Debtor.**

**No. 99–11572.**

United States Bankruptcy Court.
D. Vermont.

Dec. 8, 2000.

Andrew D. Manitsky, Gravel and Shea, Burlington, VT, for Creditors/Movants.

Douglas J. Wolinsky, Miller, Eggleston & Cramer, Ltd., Burlington, VT, for Debtor.

**MEMORANDUM OF DECISION DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY AND DENYING MOTION FOR REARGUMENT**

COLLEEN A. BROWN, Bankruptcy Judge.

This matter is before this Court on the *Motion for Relief from the Automatic Stay*

dated October 2, 2000 (hereafter "the motion") and filed by creditors, Virginia O. Bickford, Thomas H. Ouellette, and James E. Ouellette (hereafter "the Movants") and the oral *Motion for Reargument* made by Movants on November 10, 2000. For the reasons set forth below, both motions are denied.

### *Jurisdiction*

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

### *Facts*

On November 22, 1999, the debtor, Thomas M. Crowley, filed a voluntary petition for relief under Chapter 13 of the Title 11 U.S.C. (the Bankruptcy Code). The debtor filed his Chapter 13 plan on January 28, 2000. The proposed plan was confirmed pursuant to a confirmation hearing on March 7, 2000, and the Findings and Order Confirming Chapter 13 Plan (Littlefield, J.) was entered on March 10, 2000 (hereafter "the Confirmation Order"). In entering the Confirmation Order, the court expressly considered the terms of the proposed plan, the Trustee's Report and any objections to the proposed plan, and determined that the plan was submitted in good faith and complied with all applicable provisions of the Bankruptcy Code. The Movants did not appeal the Confirmation Order.

The plan provides (i) that the Movants, as joint holders of a first mortgage on commercial property of the debtor, shall be treated as class 3 claimants, (ii) that the debtor, as the debtor-in-possession, shall retain the subject property, and (iii) that the debtor's obligations to the Movants are accurately reflected in a Promissory Note dated May 28, 1998, in the original principal amount of $204,000. The plan further provides that the Movants were to be paid the approximate aggregate amount of $270,000, which includes currently owed principal, interest, and costs of collection, pursuant to a new Note, amortizing the debt over 20 years, and payable in monthly installments of approximately $2,429.27, plus a final balloon payment due on June 27, 2003.

The debtor operates a business, Vermont Floral, Inc., at commercial property located at 668 Pine Street, Burlington, Vermont (herein referred to as "the subject property") and the debtor's Schedule A reflects the fair market value for this property to be $317,000. Neither party has disputed either the amount due to Movants or the fair market value of the subject property. Based upon the record, it appears that the debtor's equity in the subject property is approximately $33,000.

On October 2, 2000, the Movants filed their *Motion for Relief from the Automatic Stay* under 11 U.S.C. § 362(d)(1) and (2). Section 362(d) provides in pertinent part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > (A) the debtor does not have any equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization.

The Movants allege that they are entitled to relief under § 362(d)(2) by virtue of the post-confirmation decision in *Merchants Bank v. Frazer*, 253 B.R. 513 (D.Vt.2000) and, alternatively, that they are entitled to relief under § 362(d)(1) because the debtor is in default of his obligations post-petition and Movants are not adequately protected. The Movants assert that they commenced foreclosure proceedings against the subject property in Vermont Superior Court prior to the debtor's bankruptcy filing,

that the debtor's period of redemption expired on November 22, 1999 (also the date the debtor filed for bankruptcy relief), and that the debtor lost all interest in the subject property, by operation of law, 60 days thereafter by virtue of the debtor's failure to timely exercise his right of redemption, under *Frazer, supra.* As additional grounds for relief, the Movants contend that the debtor is in arrears on his plan payment obligation, has failed to provide certain documentation required by the Mortgage Deed, and has failed to timely cure these deficiencies upon demand.[1]

On November 7, 2000, the debtor filed his *Objection to Motion for Relief from Automatic Stay,* opposing the requested post-confirmation lift stay relief and disputing the Movants' right to relief under each of the grounds asserted. The debtor essentially argues that the requested relief would be extreme and inequitable, and should be denied in light of (i) the Movants' failure to seek any relief from stay prior to confirmation, (ii) the Movants' failure to appeal the Confirmation Order, and (iii) the Movant's acceptance of the "Note Modification Agreement" and plan treatment. While acknowledging cash flow difficulties, the debtor insists (i) that he has paid the Movants all post-confirmation payments and delivered to the Movants all documentation called for under the Mortgage Deed, including proof of insurance and copies of executed leases, (ii) that the plan provides for adequate protection of the Movants' interest, (iii) that the subject property is necessary to the debtor's effective reorganization, and (iv) that the debtor should be allowed to proceed with the plan, for the benefit of all creditors. The debtor also contends that if the Court grants the requested relief it would cause undue hardship to the debtor and all other creditors (who would receive payment in full if the debtor completes the plan).

At the hearing held on November 9, 2000, counsel presented their arguments and the Court made findings of fact and conclusions of law on the record, denying the Movants' motion. Immediately thereafter, the Movants' counsel presented an *ore tenus* request for reargument in light of three cases which he had just moments earlier presented to the Court and opposing counsel. The Court has, since the hearing, reviewed the cases thus delivered. After consideration of the additional cases provided to the Court by the Movant's counsel, as well as the arguments presented both in writing and at the hearing, and applicable law, this Court denies the requested § 362 relief *in toto* and also denies the Movants' request for reargument.

*Discussion*

In seeking relief from the automatic stay under § 362(d)(2), the Movants contend that an intervening change in the applicable law in this District entitles them to post-confirmation relief from stay. At the time the debtor filed for bankruptcy relief, and at the time the Confirmation Order was entered, the law of this District was that a debtor's equity of redemption was tolled indefinitely by the automatic stay provisions of 11 U.S.C. § 362(a) upon the filing of a bankruptcy case, and this stay effectively mooted the 60 day extension period under 11 U.S.C. § 108(b). *See In re Shea,* 21 B.R. 790 (Bankr.D.Vt.1982); *In re L.H. & A. Realty Co., Inc.,* 57 B.R. 265 (Bankr.D.Vt.1986); *In re Frazer,* 238 B.R. 262 (Bankr.D.Vt.1999). The law subsequently changed, however, when the U.S. District Court for the District of Vermont determined on appeal "that the indefinite stay provided for in § 362(a) is superceded by the timing provisions of § 108(b)," thereby requiring a debtor to exercise his or her right of redemption within 60 days from the date a bankruptcy petition is filed or lose forever all interest in the subject property. *Merchants Bank*

---

1. While the exhibits attached to the motion include a payment schedule and a judgment of foreclosure, the payment schedule is in-

complete and reflects multiple post-confirmation payments by the debtor.

*v. Frazer,* 253 B.R. 513, 519 (D.Vt.2000)[2]. Notwithstanding that the Movants' counsel were aware of, and, in fact, actively participated in the *Frazer* appeal (as counsel for the appellant) during the pendency of the instant bankruptcy case, the Movants did not seek relief from stay prior to plan confirmation herein, did not reject the "Note Modification Agreement" nor the payments tendered by the debtor under the plan, and did not file any appeal of the Confirmation Order.

█ It is axiomatic that the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties or necessarily determined by the confirmation order, including whether the plan complies with §§ 1322 and 1325 of the Bankruptcy Code. *See In re Andersen,* 179 F.3d 1253 (10th Cir.1999); *In re Ivory,* 70 F.3d 73 (9th Cir.1995); *In re Szostek,* 886 F.2d 1405 (3d Cir.1989). A confirmed Chapter 13 plan is binding upon the parties and precludes a creditor from seeking a post-confirmation challenge to the plan based upon a claim that the creditor's interest has not been properly treated or that the debtor does not have a right to cure a default as provided in the plan. *See Fietz v. Great Western Savings,* 852 F.2d 455, 458 (9th Cir.1988); *In re Simpson,* 240 B.R. 559 (8th Cir. BAP 1999); *In re Diviney,* 225 B.R. 762 (10th Cir. BAP 1998); *Chevy Chase Bank v. Locke,* 227 B.R. 68 (E.D.Va.1998); *In re Garrett,* 185 B.R. 620 (Bankr.N.D.Ala.1995); *In re Minzler,* 158 B.R. 720 (Bankr.S.D.Ohio 1993). This is so even if a bankruptcy court's error is jurisdictional. *See In re Ivory,* 70 F.3d at 75; *In re Woods,* 130 B.R. 204 (W.D.Va.1990). As such, a confirmed plan is *res judicata* and its terms are not subject to collateral attack, absent a material failure to comply with the plan. *See In re Ellis,* 60 B.R. 432 (9th Cir. BAP 1985); *see also 8 Collier on Bankruptcy,* at § 1327.02.

█ Furthermore, a post-confirmation change in the law does not *ipso facto* require modification or elimination of the protections afforded parties to a previously unchallenged and operating Chapter 13 plan. *See Title v. United States,* 263 F.2d 28, 31 (9th Cir.1959) (change in judicial view of applicable law after a final judgment is not a sufficient basis for vacating a judgment entered before announcement of the change); *In re E.C. Bishop & Son, Inc.,* 32 B.R. 534 (Bankr.W.D.Mo.1983)(a final decision remains *res judicata* even though the current law is contrary to it).

█ This Court is aware that the District Court in *Merchants Bank v. Frazer, supra,* has entered an interim Order dated September 22, 2000, indicating its direction "that the Opinion be given the same precedential effect it would be entitled to absent this Order and the same precedential effect as any other opinion and order on appeal." *Merchants Bank v. Frazer,* Case No. 99–CV–326 (D.Vt.)(*Order* dated September 22, 2000). Indeed, this Court has accorded the District Court's opinion in *Merchants Bank v. Frazer* the same precedential effect as any other opinion pending appeal consistent with the principles of *res judicata* referenced above. However, neither the law nor the facts warrant a retroactive application of the change in law to effectively revoke or modify a confirmed and operating plan by secured creditors. *See In re Szostek,* 93 B.R. 399 (Bankr. E.D.Pa.1988), *aff'd,* 886 F.2d 1405 (3d Cir. 1989)(a secured creditor has no right to move for a postconfirmation modification of a plan).

This Court finds that it would be grossly inequitable to grant lift stay relief in favor of these secured creditors who chose not to appeal the Confirmation Order and now fail to present evidence sufficient to otherwise establish the criteria for relief from stay under § 362(d). It is important to

**2.** An appeal is presently pending before the U.S. Circuit Court of Appeals. *See Merchants Bank v. Frazer,* 253 B.R. 513 (D.Vt.2000), *appeal docketed,* No. 00–5071 (2d Cir. Aug. 30, 2000).

observe that, if this Court were to grant the requested relief and the Circuit Court of Appeals subsequently reversed the District Court on appeal, the debtor, his business, and the debtor's other creditors—all of whom stand to benefit significantly under the plan—would sustain irreparable harm disproportionate to any corresponding benefit to Movants, whom this Court finds to be adequately protected. *See also In re Harvey*, 213 F.3d 318 (7th Cir. 2000)(a party with adequate notice may not ordinarily attack a confirmed plan); *In re Szostek*, 886 F.2d at 1406 (after a plan is confirmed the policy favoring finality is stronger than court or trustee's obligation to verify plan's compliance with the Bankruptcy Code); *In re Matter of Winterfeldt*, 28 B.R. 486 (Bankr.E.D.Wis.1983)(discussing benefits of plan finality). The Movants chose not to appear at the confirmation hearing in opposition to the plan, and did not challenge the Confirmation Order through appeal. A post-confirmation motion for relief from stay does not provide an independent or alternate vehicle for challenging the terms of a confirmed chapter 13 plan, which was appealable. *Cf. North River Insurance Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 166, fn. 3 (2d Cir.1995). This Court rejects the Movants' argument that a post-confirmation change in longstanding applicable bankruptcy law is sufficient to warrant a revocation or modification of the terms of a confirmed and operating Chapter 13 plan. Therefore, to the extent Movants seek relief under 362(d) based upon a change in law under *Frazer, supra*, the Motion is denied.

 It is true that a debtor's material failure to comply with the terms of a confirmed plan may warrant relief from stay. *See In re Ellis, supra.* However, the facts presented here do not prove a material failure to comply with the confirmed plan and are insufficient to warrant granting Movants' motion for stay relief. This Court finds that the debtor has substantially complied with his payment obligations under the plan, has complied with the Movants' request for leases and proof of insurance, and is attempting to comply fully with his obligations under the plan in good faith. It further finds that the Movants are adequately protected by the undisputed equity in the subject property. While this Court will not countenance a debtor's material noncompliance with the agreed terms of a chapter 13 plan absent good cause, the brief duration and limited payment difficulties asserted herein, coupled with the profound impact of lift stay relief upon the debtor and the plan, mitigates against the relief Movants seek. Additionally, this Court finds that the subject property is necessary to the debtor's effective reorganization. Hence, the request for relief pursuant to § 362(d) based upon lack of adequate protection, lack of equity, and lack of necessity for reorganization is also denied.

In reaching this conclusion, not only the memoranda of law submitted by the parties, the matters filed of record, and the applicable case law, but also the additional cases submitted by Movants' counsel at the hearing have all been considered.[3] The cases submitted by Movants' counsel are either distinguishable or unavailing. The only circuit court case cited by Movants, *In re Ivory*, 70 F.3d 73 (9th Cir.1995), actually supports the debtor's position, and the two bankruptcy court decisions submitted are inapposite in that they involve facts clearly distinguishable from those at bar.[4]

---

**3.** In the interest of justice, the Court has elected to overlook the failure of Movant's counsel to submit all legal authority in conjunction with the motion as required by the local rules, in this particular case. *See* VLBR 9013.

**4.** *In re Jauregui*, 197 B.R. 673 (Bankr. E.D.Cal.1996) holds that a court has discretion to correct a confirmed plan which is deemed vague, confusing and deficient. *In re Jones*, 233 B.R. 799 (Bankr.E.D.Mich.1999) involved salient circumstances not applicable here, such as multiple petitions for Chapter

Lastly, this Court denies the Movants' oral *Motion for Reargument* on the grounds that there is no basis for such a motion in the Bankruptcy Code or Bankruptcy Rules and even if treated as a motion under either Rule 9023 or 9024, incorporating Rules 59 and 60 FRCP, the Movants have not satisfied the requisite criteria for relief. Moreover, even if the criteria for vacating the decision were established and this Court were to reassess the decision entered on the record in light of these three cases, they do not compel a different result.

Consistent with the guiding bankruptcy principles of encouraging completion of Chapter 13 plans, maintaining the integrity of *res judicata* principles, and ensuring that parties who act in good faith can rely on final orders to remain enforceable, both the motion for relief from stay and the request for reargument are denied.

13 relief, a pre-petition sale of the subject property through a sheriff's foreclosure sale, no new promissory note being exchanged; and, significantly, the governing law in Michigan at the time the plan was confirmed was contrary to the redemption rights granted in favor of the debtor under the plan.