**In re Thomas MIANO, Debtor.**

**No. 98–36995 (SAS).**

United States Bankruptcy Court,
D. New Jersey.

April 25, 2001.

Jill L. Gropper, Cohn, Bracaglia & Gropper, P.C., Somerville, NJ, for debtor.

Jaimee Katz Sussner, Herrick Feinstein, LLP, Newark, NJ, for Alaska Seaboard Partners, LP.

Frances Gambardella, Robert M. Wood, Manasquan, NJ, Chapter 13 Trustees.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

### FINDINGS OF FACT

In this chapter 13 case Thomas Miano, the debtor, moves for reconsideration of an order denying enforcement of his plan against Alaska Seaboard Partners, L.P. ("Alaska"), which holds a foreclosure judgment on real property owned by the debtor and his wife. Alaska crossmoves for disbursement to it of part of the proceeds of sale of the mortgaged property. The primary issue is whether a creditor is bound by an order confirming a chapter 13 plan after obtaining postconfirmation relief from the automatic stay. The court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O). This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

On June 2, 1998, the debtor filed a petition for relief under chapter 13 of title 11, United States Code (the Bankruptcy Code). The petition halted a sheriff's sale scheduled for that day of the debtor's residence at 119 West Maple Avenue, Bound Brook, New Jersey pursuant to Alaska's

foreclosure judgment. That judgment was in the amount of $129,440.29 as of January 14, 1998, plus interest. The plan provided for a cramdown of Alaska's mortgage to $83,400.

The court confirmed the plan by order of March 1, 1999. By order of May 5, 1999 the court modified the amount due to Midstates Resources Corp., Alaska's predecessor-in-interest, to $97,800. Under that order the payments were to be made outside the plan, i.e., the debtor was to pay the mortgagee directly, rather than the trustee. The debtor made no payments under that order, however. The mortgagee then moved for and obtained relief from the automatic stay by order of October 26, 1999 to conduct the foreclosure sale. On February 7, 2000 the debtor filed a motion to reinstate the automatic stay. On February 14, 2000 Ms. Miano filed her own petition for relief under chapter 13. Mr. Miano then withdrew his motion to reinstate the automatic stay.

In August 2000 the Mianos sold the property for $181,750. Alaska was paid $105,000, and the parties agreed to hold an additional $55,000 claimed by Alaska in escrow. The debtor's share of that fund is $27,500.[1]

On December 22, 2000, Mr. Miano filed a motion to enforce his chapter 13 plan as modified by the May 5, 1999 order. He argued that the court should enforce the plan because it is binding on Alaska pursuant to Bankruptcy Code section 1327(a), and revocation of the order of confirmation under Bankruptcy Code section 1330 is not warranted. Alaska opposed the motion, arguing that the plan is a contract under

which the mortgagee is no longer bound if the debtor breaches.

The court denied Mr. Miano's motion to enforce the plan by order of January 26, 2001, based upon Code sections 362(d) and 363(d). The court raised section 363(d) *sua sponte*. The debtor then filed the motion for reconsideration which is the subject of this opinion. The court reserved decision after oral argument of February 27, 2001.

The debtor argues the court erred in denying enforcement of the order confirming the plan because no cause exists to revoke that order under Code section 1330, and the plan is binding upon Alaska notwithstanding the debtor's default and the order granting relief from the automatic stay.

## CONCLUSIONS OF LAW

Because the court raised the significance of Code section 363(d) *sua sponte*, reconsideration of the denial of the debtor's motion to enforce the plan is hereby provided.

Under Code section 1327(a) debtors and their creditors are bound by a confirmed plan.[2] If, however, the debtor subsequently defaults on payments inside or outside the plan, the creditor can obtain relief from the automatic stay and the plan will no longer bind the creditor. *See In re Harlan,* 783 F.2d 839, 840 (9th Cir.1986); *In re Ellis,* 60 B.R. 432, 434 (9th Cir. BAP 1985); *In re Crowley,* 258 B.R. 587, 592 (Bankr.D.Vt.2000); *In re Binder,* 224 B.R. 483, 490 (Bankr.D.Colo.1998); *In re Smith,* 104 B.R. 695, 700 (Bankr.E.D.Pa.1989); *In re Wright,* 54 B.R. 553, 555 (Bankr.E.D.Pa.

---

1. In Ms. Miano's case Judge Ferguson has ruled that Ms. Miano's half share in the amount of $27,500. is to be paid to Alaska.

2. Section 1327(a), Effect of Confirmation, states: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

1985); *In re Evans,* 22 B.R. 980, 983 (Bankr.S.D.Cal.1982), *aff'd, In re Evans,* 30 B.R. 530 (9th Cir. BAP 1983). *See also* 3 Lundin, CHAPTER 13 BANKRUPTCY, § 244.1 (3rd ed.2000), and 5 William L. Norton, NORTON ON BANKRUPTCY LAW AND PRACTICE 2D, § 122:12 (3d ed.2000).

██ That rule applies here. The debtor made no payments under the plan, and Alaska obtained relief from the automatic stay. By virtue of the case law and treatises cited above, Alaska is no longer bound by the terms of the plan. The controlling principle is ultimately one of equity: if a debtor fails to fulfill his obligations under a plan, he cannot reasonably expect his creditors to remain bound by it. Moreover, confirmation of a modified plan could no longer bind Alaska, because Code section 363(d) provides that the trustee, and therefore the debtor under Code section 1303, may only use, sell or lease property to the extent not inconsistent with stay relief under Code section 362(d). The debtor's motion is therefore denied.

Since the plan no longer binds Alaska, the lien of its foreclosure judgment extends to the debtor's share of the remaining sale proceeds held in escrow. Alaska's crossmotion for disbursement of those funds is therefore granted.

Alaska is to submit an order within ten days, on notice.